UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
CARLOS SALAS,

                Petitioner,

              - against -

UNITED STATES,

                Respondent.
------------------------------------------------------------x

**MEMORANDUM AND ORDER**

14-cv-1915 (SLT)

**TOWNES, United States District Judge,**

Petitioner Carlos Salas, *pro se*, moves for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 on the grounds that, *inter alia*, this Court erred in imposing consecutive rather than concurrent sentences.

## BACKGROUND

Petitioner was charged in the Eastern District of New York on November 14, 2004 with conspiring with others to possess with intent to distribute five or more kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii)(II), and 846. (Dkt 04-cr-1005, ECF No. 1.) On November 17, 2004, Petitioner pleaded guilty. While he was out on bond awaiting sentencing, in April 2005, he was arrested in the Southern District of Florida and charged with attempted possession with intent to distribute five or more kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. Petitioner pleaded guilty to that charge on September 1, 2005 and was sentenced, on November 28, 2005, to 127 months of imprisonment, followed by a five-year term of supervised release (the "Florida Sentence"). Petitioner did not appeal. Subsequently, on September 15, 2006, Petitioner was returned to the Eastern District of New York and sentenced on his November 17, 2004 guilty plea to 150 months imprisonment – which the Court determined was within the Guidelines Range – to be followed by a five-year

term of supervised release and also ordered payment of a $150 special assessment (the "New York Sentence"). Over defense counsel's objections, this Court ordered that the custodial portion of the New York Sentence run consecutively to the custodial portion of the Florida Sentence. Judgment was entered on October 26, 2006. Petitioner did not appeal, nor did he timely seek any post-conviction collateral review.

Petitioner filed the instant petition on March 11, 2014, contending that the Court's decision to impose consecutive rather than concurrent sentences was erroneous and, *inter alia*, was based on a misreading of the Presentence Investigation Report, which stated, in relevant part "the [Florida] offense and the instant offense constitutes the same course of conduct because they occurred within months of each other and involved the same offense (distribution of cocaine)." (Pet. at 14 (quoting PIR.)) The Court agrees. *See* U.S.S.G. 5G1.3 (providing, where a defendant is serving an undischarged "term of imprisonment ... from another offense that is relevant conduct to the instant offense of conviction ... the sentence for the instant offense ... shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment"). The Government opposes the petition on the grounds that, *inter alia*, it is time barred.

## DISCUSSION

The Government argues that the petition is time-barred under the one-year limitations period set out by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). The AEDPA limitations period requires petitioners to file their petitions within one year from when their convictions became final. "[F]or purposes of § 2255 motions, an unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires." *Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005). As relevant here, Rule 4 of the Federal Rules of Appellate Procedure provides that, "[i]n a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after ... the entry of ... the judgment...." Fed. R. App. P.

4(b)(1)(A)(i). A judgment or order is "entered" under this rule when it is entered on the docket. Fed. R. App. P. 4(b)(6).

Here, the judgment was entered on the docket on October 26, 2006 and became final fourteen days later on November 10, 2006. Thus, Petitioner had until November 10, 2007 to file the instant petition. The instant petition was not filed under March 11, 2014.

The United States Supreme Court has explained that the AEDPA statute of limitations "does not set forth 'an inflexible rule requiring dismissal whenever' its 'clock has run.'" *Holland v. Florida*, 560 U.S. 631, 645 (2010) (quotation marks and citation omitted). In *Holland*, the Supreme Court held that, because the AEDPA limitations period is not jurisdictional, it "is subject to equitable tolling in appropriate cases." *Id.* "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 649. Equitable tolling should be granted only in "rare and exceptional circumstance[s]." *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (quotation marks and citation omitted). To secure equitable tolling, "the petitioner [must] demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000).

Whether "extraordinary circumstances" justify equitably tolling the limitations period is a highly case-specific inquiry. Courts have found the AEDPA limitations period equitably tolled where at a criminal defendant's attorney's behavior was "so outrageous or so incompetent as to render it extraordinary." *Nickels v. Conway*, 480 F. App'x 54, 56 (2d Cir. 2012) (summary

3

order) (quoting *Baldayaque v. United States*, 338 F.3d 145, 152 (2d Cir. 2003)); *see also Dillon v. Conway*, 642 F.3d 358, 363 (2d Cir. 2011) (indicating "an attorney's failure [to keep his client reasonably informed about the status of the case and] failure to file a habeas petition on behalf of a prisoner despite explicit directions from the prisoner to do so" is a circumstance justifying equitable tolling). Additionally, "medical conditions, whether physical or psychiatric, can manifest extraordinary circumstances [justifying equitably tolling AEDPA's limitations period], depending on the facts presented." *Harper v. Ercole*, 648 F.3d 132, 137 (2d Cir. 2011) (finding that petitioner's "hospitalization ... during which he underwent six surgeries, requiring him to be confined to bed and heavily medicated" justified equitable tolling); *Bolarinwa v. Williams*, 593 F.3d 226, 231-32 (2d Cir. 2010) (explaining that "mental illness does not toll a filing deadline *per se*" but rather, a petitioner must offer a "particularized description of how h[is] condition adversely affected h[is] capacity to function generally or in relationship to the pursuit of h[is] rights.") (quotation marks and citation omitted). In cases involving illness, "in order to justify tolling of the AEDPA one-year statute of limitations ..., a habeas petitioner must demonstrate that h[is] particular disability constituted an 'extraordinary circumstance' severely impairing h[is] ability to comply with the filing deadline, despite h[is] diligent efforts to do so." *Bolarinwa*, 593 F.3d at 232. Likewise, denial of access to legal materials by prison officials may establish a right to equitable tolling. *Valverde*, 224 F.3d at 133-34 (holding that the intentional confiscation of a prisoner's habeas corpus petition and related legal papers by a correctional officer is "extraordinary."). "Equitable tolling is warranted when some event effectively prohibits the petitioner from pursuing habeas, such as the misplacement of files, or being denied access to materials necessary to file a habeas petition." *Raynor v. Dufrain*, 28 F. Supp. 2d 896, 900 (S.D.N.Y. 1998).

On the present record, there is some evidence suggesting that Petitioner's *pro se* petition may be subject to equitable tolling. The docket in the underlying criminal matter in this case indicates that Petitioner, who was 61 years old at the time of sentencing, "suffers from a series of significant health problems," including a heart condition, diabetes, suspected prostate cancer, and an ulcer, and he suffered a heart attack while incarcerated. (Sentencing Tr. at 6-7.) Moreover, he states in his letter, received by the Court on October 3, 2014, that he is currently housed in "Segregation Housing Unit with a limit legal access (*sic*)" and has difficulty writing. (Dkt. No. 16 "I don't have typewriter, not paper, and not good spelling I use a dictionary word by word (*sic*).") Out of an abundance of caution, in light of Petitioner's *pro se* status and indications in the record that he may be entitled to equitably toll some of the time between November 10, 2006 and March 11, 2014, this Court will provide petitioner an opportunity to explain why such tolling should apply in this action. Petitioner is therefore directed to show cause by written affirmation, within ninety (90) days from the entry of this Order, why he is entitled to equitable tolling. His response should set out any and all facts which would support equitably tolling the statute of limitations.

## CONCLUSION

Petitioner is directed, within ninety (90) days from the entry of this Order, to complete the attached written affirmation by setting out any and all facts which support equitably tolling the AEDPA limitations period.[1]

**SO ORDERED.**

/s/ Sandra L. Townes
/SANDRA L. TOWNES
United States District Judge

Dated: Brooklyn, New York
January 16, 2015

---

[1] An affirmation form is attached to this Order for Petitioner's convenience.